IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT LEANDER CAMIRAND,

    Plaintiff,

v.

GREGG JONES, et al.,

    Defendants.

Case No. 2:19-cv-01829-YY

ORDER TO DISMISS

SIMON, Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses Plaintiff's Complaint, and denies Plaintiff's Motion for Temporary Restraining Order, Motions for Appointment of Counsel, Motion to Disqualify Judge, and Petitions for Peremptory Writ of Mandamus.

## BACKGROUND

Plaintiff's Complaint names as Defendants 42 individuals employed by the Oregon Department of Corrections ("ODOC"). He alleges six claims for relief, but does not identify which Defendant(s) were involved in any of the six claims. First, Plaintiff alleges he was forced into general population and the cell into which he was moved was covered in feces. Second, Plaintiff alleges four different (unidentified) ODOC employees went through his legal mail and removed exhibits. Third, Plaintiff alleges personal property was taken by unidentified employees and thrown away. Fourth, Plaintiff alleges his mental needs have not been met by Behavioral Health Services. Fifth, Plaintiff alleges he has been denied access to the courts because he has been denied legal envelopes and legal copies. Sixth, Plaintiff alleges he has been "criminally mistreated" by unidentified ODOC employees. By way of remedy, Plaintiff seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of

the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). In order to state a § 1983 claim, a plaintiff must allege facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, none of Plaintiff's claims for relief allege facts giving rise to a reasonable inference that any of the named Defendants were personally involved in the alleged violation of his rights; indeed, Plaintiff does not allege which Defendant was personally involved in any of the actions complained of.

Plaintiff's first claim does not allege facts rising to the level of an Eighth Amendment violation. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Morgan*, 465

F.3d at 1045 (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Rhodes*, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, but not every injury that a prisoner sustains while in prison represents a constitutional violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted); *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 83; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's first claim alleges he was moved into a cell covered in feces, and that he got sick. Plaintiff's conclusory allegations fail to give rise to a claim for cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff's second claim fails to allege facts sufficient to state a cognizable First Amendment violation. Prison officials may "open and inspect" mail sent to an inmate. *Nordstrom v. Ryan*, 762 F.3d 903, 909 (9th Cir. 2014) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974)). But prisoners retain "a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017); *see also Mangiaracina v. Penzone*, 849 F.3d 1191, 1196-97 (9th Cir. 2017). Mail to and from a court or other government agency is not normally considered "legal mail," however. *See O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996) (a prison need not treat all mail sent to/from government

agencies and officials as legal mail); *see also Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) (concluding that mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail), *amended on denial of rehr'g*, 135 F.3d 1318 (9th Cir. 1998). Here, Plaintiff does not identify the source of the alleged "legal mail" opened by prison employees.

Plaintiff third claim fails to allege facts sufficient to state a cognizable Fourteenth Amendment violation for the deprivation of property. Where an inmate alleges the deprivation of a property interest caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-131 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). This rule applies to both the Fifth and Fourteenth Amendment Due Process Clauses. *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991). Because Oregon provides an adequate post-deprivation remedy in the form of the Oregon Tort Claims Act, O.R.S. 30.260 et seq., Plaintiff's third claim fails to state a claim upon which relief may be granted.

Plaintiff's fourth claim fails to allege facts sufficient to state a claim for denial of mental health care in violation of the Eighth Amendment. In order to state a § 1983 claim for the denial of adequate medical or mental-health care, a plaintiff must allege facts to support a reasonable inference that the defendants were deliberately indifferent to his serious medical needs. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). "A prison official cannot be liable for deliberate indifference unless he or she knows of and disregards an excessive risk to inmate health or safety." *Id*. at 1018 (internal quotations omitted). Here, Plaintiff has not alleged facts giving rise to a reasonable inference that the Defendants were deliberately indifferent to his serious medical needs.

Plaintiff's fifth claim fails to allege facts sufficient to state a claim for denial of access to the courts in violation of his First Amendment rights. In order to allege a violation of the right of access to the courts, an inmate must demonstrate that he suffered an actual injury by pleading facts showing "actual prejudice with respect to contemplated or existing [non-frivolous] litigation, such as the inability to meet a filing deadline or to present a claim," and the actual injury requirement is only satisfied if an inmate is denied access with regard to direct criminal appeals, habeas corpus petitions, and civil actions brought pursuant to § 1983. *Lewis v. Casey*, 518 U.S. 343, 348 (1996). Plaintiff does not allege he suffered any actual prejudice as a result of the alleged denial of legal envelopes or legal copies.

Finally, to the extent Plaintiff's sixth claim alleges violation of an Oregon state criminal law prohibiting criminal mistreatment, violation of state law is not sufficient to state a claim for relief under § 1983. Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. *See* 28 U.S.C. § 1367. Because Plaintiff fails to state any cognizable federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's putative state law claim at this juncture.

## **CONCLUSION**

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

Because Plaintiff has not established extraordinary circumstances warranting the appointment of counsel at this juncture, the Court DENIES Plaintiff's three Motions for Appointment of Counsel (ECF Nos. 3, 9, and 15).

Because Plaintiff has not demonstrated, at this juncture, a likelihood of success on the merits or that there are serious questions going to the merits of his claims, the Court DENIES Plaintiff's Motion for Temporary Restraining Order (ECF No. 12).

Because Plaintiff has not made a sufficient legal showing to establish that Magistrate Judge You is personally biased against him, the Court DENIES Plaintiff's motion to disqualify judge (ECF No. 13).[1]

Finally, the Court DENIES Plaintiff's two Petitions for Peremptory Writ of Mandamus (ECF Nos. 17 and 18) as frivolous.[2]

IT IS SO ORDERED.

DATED this 17th day of March, 2020.

    /s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] Plaintiff seeks the recusal of Magistrate Judge You on the basis of her previous rulings another matter filed by plaintiff. However, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993)

[2] "[F]ederal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966); *see also Demos v. U.S. Dist. Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (noting that federal courts lack jurisdiction to issue writs of mandamus to state courts and that such petitions "are frivolous as a matter of law").