IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT LEANDER CAMIRAND,

        Plaintiff,

v.

GREGG JONES, et al.,

        Defendants.

Case No. 2:19-CV-01829-YY

ORDER

SIMON, Judge.

    Plaintiff, an adult in custody at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. On March 17, 2020, this court issued an Order dismissing plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Due to plaintiff's *pro se* status, the court advised plaintiff of the deficiencies of his Complaint and granted plaintiff leave to file an Amended Complaint curing those deficiencies. Currently before the court is plaintiff's Amended Complaint (ECF No. 31).

1 - ORDER

Plaintiff's Amended Complaint fails to cure the deficiencies noted in the March 17, 2020, Order of dismissal. Specifically, plaintiff does not allege facts sufficient to establish defendants violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, plaintiff's First Amendment legal mail rights, plaintiff's Fourteenth Amendment due process personal property interests, or plaintiff's right of access to the courts. Moreover, to the extent plaintiff alleges new, unrelated claims which were not included in his original Complaint, plaintiff's Amended Complaint violates joinder rules prohibiting unrelated claims against unrelated parties. *See* Fed. R. Civ. P. 18, 20, 21; *Garcia v. Biter*, Case No. 1:13-cv-00599-LJO-SKO(PC), 2014 WL 7272773, at *5 (E.D. Cal. Dec. 18, 2014) (where court dismissed plaintiff's original Complaint pursuant to 28 U.S.C. § 1915, amendment was limited to claims alleged in original Complaint and attempt to allege new, unrelated claims violated joinder rules). Accordingly, plaintiff's Amended Complaint must be dismissed.

Plaintiff has already been provided a short and plain statement of his pleading deficiencies, and given the opportunity to address them in an amended pleading, but has nevertheless failed to do so. Therefore, the court concludes further attempts to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'[f]utility of amendment can, by itself, justify the denial of . . . leave to amend'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted)).

## CONCLUSION

For these reasons, the court DISMISSES plaintiff's Amended Complaint (ECF No. 37). Because plaintiff has not established extraordinary circumstances, the court DENIES plaintiff's second Motion for Appointment of Counsel (ECF No. 42). The Court FINDS MOOT defendants' Motion for a More Definite Statement (ECF No. 44), plaintiff's "Motion on Impeccable Irrefutable Documents/Exhibits" (ECF No. 46), and plaintiff's Motion for Summary Judgment (ECF No. 47).

IT IS SO ORDERED.

DATED this 19th day of May, 2020.

_____
Michael H. Simon
United States District Judge